Jason OKON, husband; et al., Plaintiffs,

and

**Bill Stoller, on behalf of himself and all others similarly situated, Plaintiff–Appellant,**

v.

**CITY OF PHOENIX, a municipality incorporated under the laws of Arizona; et al., Defendants–Appellees.**

**No. 09–16027.**

United States Court of Appeals, Ninth Circuit.

Submitted July 19, 2010.*

Filed Aug. 2, 2010.

Bill Stoller, Peoria, AZ, pro se.

Before: B. FLETCHER, REINHARDT, and WARDLAW, Circuit Judges.

MEMORANDUM **

Bill Stoller appeals pro se from the district court's judgment dismissing plaintiffs' 42 U.S.C. § 1983 action alleging that defendants promote customs, usages, and practices that discourage the lawful enforcement of federal immigration laws. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order). We affirm.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

The district court properly concluded that defendants are immune under Arizona law. *See* Ariz.Rev.Stat. Ann. §§ 12–820.01 & 12–801.02 (2010) (providing immunity for public entities and public employees acting within the scope of their employment); *see also AlliedSignal, Inc. v. City of Phoenix,* 182 F.3d 692, 695 (9th Cir. 1999) (a public entity is immune for actions involving the determination of a "fundamental governmental policy"). Moreover, Stoller failed to state an equal protection claim. *See Ashcroft v. Iqbal,* —— U.S. ——, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) ("[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.") (citation and internal quotation marks omitted).

Stoller's remaining contentions are unpersuasive.

**AFFIRMED.**